[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION FILED BY THE PLAINTIFF (#122.00) AND MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF JUDGMENT FILED BY THE DEFENDANT (#120 AND 123)
The marriage of the parties was dissolved after a trial before Judge Coppeto on January 31, 1992. Judge Coppeto wrote a comprehensive Memorandum of Decision. At the time, she had before her the wife's affidavit dated January 6, 1992 and the husband's affidavit dated January 8, 1992.
In her Memorandum of Decision she provided in the alimony provision on page four, that the husband would pay to the wife $1,000.00 per month until she reached the age of 65 at which time the alimony would be reduced to $1.00 per year. Certain events terminated the alimony which are not relevant here. The court said:
 "In view of the defendant's present employment situation, the court shall take a second look at the order of alimony one year from date".
The parties have argued this to mean different things. The husband's attorney argues that means that, since he was earning such a small amount, the judge wanted to see whether he should have to continue making payments if he was still earning such a small amount. This argument is made because at the time of the dissolution he was making approximately $1,250.00 per month gross and had earned in prior years of the marriage in excess of $200,000.00.
The wife says this provision means that the judge wanted to take a look to see whether more should be paid to her since she was getting such a small amount after a lengthy marriage.
This court asked the lawyers to review the "second look" cases and found that the cases that were cited by the lawyers were not helpful to this court in making a determination of what "second CT Page 6012 look" meant. Accordingly, this court has treated this case, although it comes before it on a second look, as it would any other modification case and has put aside the arguments of the parties concerning what the second look meant. It is strictly proceeding under General Statutes 46b-86 and reviewing this alimony payment within that framework.
Section 46b-86 says that any alimony payment may be continued, set aside, altered or modified by a court upon a "showing of substantial change in the circumstances of either party". . . .
The court notes that this case is before it on a modification. This is not a case before this court in the initial trial. It could certainly have been argued had this decision been appealed that, to pay the wife $12,000.00 out of $15,000.00 that was expected to be earned or $18,000.00 that was actually earned was unreasonably high. That appeal was not taken. That argument was not made and this court does not have that before it in rendering this decision.
The court heard the parties, reviewed the evidence, reviewed their financial affidavits current and past, and has concluded that neither party has sustained their burden of proof that a substantial change in the circumstances of either party has taken place. Although there are changes, this court does not deem them to be substantial. The court notes that the husband's affidavit at the time of the dissolution, showed $1,250.00 per month gross income which would have been $15,000.00 annual income. In fact, he earned $18,000.00 during 1992. He is estimating $1,000.00 per month presently. He has earned per his April 14, 1993 affidavit, $4,500.00 and he expects no more than $12,000.00 total for the year.
The husband apparently is comfortable in relocating to Oregon to start a new business and to marry a woman who is presently unemployed. Obviously he feels that the future bodes well for him. The husband is a lawyer in New York and Connecticut. He graduated from Andover in the top ten in his class. He graduated from Princeton cum laude and Yale Law School. He is now a legal management consultant.
The motions to modify are denied.
The wife's request for counsel fees dated June 15, 1993 are denied. The court took into consideration 46b-62 and relevant CT Page 6013 case law in denying this motion.
KARAZIN, J.